IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR ALAN WOLK, ESQUIRE : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 2:10-05856 |
| v. : | |
| : | |
| OVERLAWYERED.COM, et al. : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

AND NOW, this _____ day of _____, 2011, upon consideration of Plaintiff Arthur Alan Wolk's Emergency Motion for Expedited Oral Argument and Decision On Pending Motion for Remand and all responses thereto, it is hereby **ORDERED** and **DECREED** that the motion is **DENIED**.

BY THE COURT:

_____
McLaughlin, J.

7251671v.2

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR ALAN WOLK, ESQUIRE | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. 2:10-05856 |
| v. | : |
| OVERLAWYERED.COM, et al. | : |
| Defendants. | : |

**OVERLAWYERED DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED ORAL ARGUMENT AND DECISION ON <u>PENDING MOTION FOR REMAND</u>**

The Overlawyered Defendants respectfully request that this Court deny Plaintiff's Motion to Expedite and instead decide Plaintiff's Motion for Remand in due course. In support of their opposition the Overlawyered Defendants state the following:

1. Denied. The Overlawyered Defendants deny that any "dastardly abuses" occurred since Defendants removed this matter to federal court and further state that Plaintiff will suffer no harm or prejudice if his Motion to Remand is decided in due course rather than on an emergency, expedited basis.

2. Denied. The Overlawyered Defendants deny that Defendants' removal of this case to federal court deprived plaintiff access to emergency relief. To the contrary, there were multiple procedural steps Plaintiff could have taken, despite Defendants' removal, that would have allowed him to immediately pursue injunctive relief. For example, Plaintiff could have and should have, dropped Thomas Beach, who is certainly not a necessary party and directly moved this Court for injunctive relief. Instead, Plaintiff put his desire to avoid federal

7251671v.2

court before his alleged need for injunctive relief and filed his motion to remand to the Philadelphia Court of Common Pleas. Therefore, Plaintiff is not entitled to an expedited decision on his motion to remand because any delay he is now subject to is the result of his own litigation strategy.

3. Denied. As stated above, it was Plaintiff's decision to file a motion to remand rather than to pursue his request for emergent injunctive relief in this Court. Therefore, any delay Plaintiff is experiencing is the result of his own litigation strategy and does not warrant the expedited decision of his motion to remand.

4. Denied. The Overlawyered Defendants deny that the statements which form the basis for Plaintiff's Petition for Preliminary Injunction are defamatory. The Overlawyered Defendants further deny each of Plaintiff's descriptions and classifications of those statements set forth in Paragraph No. 4 of Plaintiff's Emergency Motion for Expedited Argument and Decision.

5. Admitted in part; denied in part. The Overlawyered Defendants admit only that, upon information and belief, Plaintiff is actively practicing law and representing clients in cases before this Court and others throughout the Country. The Overlawyered Defendants deny the remaining statements in Paragraph No. 5 and specifically deny that any of the statements which form the basis of Plaintiff's claims are defamatory. Furthermore, any delay Plaintiff is experiencing is the result of his own litigation strategy and does not warrant the expedited decision of his motion to remand.

6. Denied. The Overlawyered Defendants deny that removal of this case to federal court was improper and that Plaintiff's joinder of Thomas Beach was proper. By way of

7251671v.2

further response, any delay Plaintiff is experiencing is the result of his own litigation strategy and does not warrant the expedited decision of his motion to remand.

7. Admitted in part; denied in part. The Overlawyered Defendants admit only that Plaintiff filed a Motion for Remand on November 29, 2010, that all Defendants responded to that motion on December 16, 2010 and that Plaintiff filed a reply on December 23, 2010. The Overlawyered Defendants deny that removal was improper.

8. Admitted.

9. Denied. The Overlawyered Defendants are not responsible for any posts made during the pendency of Plaintiff's Motion for Remand, but nevertheless deny that they are defamatory. The Overlawyered Defendants further deny that the statements upon which Plaintiff's Petition for Preliminary Injunction relies are defamatory; deny that the statements "have prominence in the cyber-world;" and deny that the statements are causing immeasurable and/or irreparable harm to Plaintiff.

10. Denied. The Overlawyered Defendants deny that the Frank Article was ever republished and/or that Overlawyered.com was ever "manipulated" to thrust the Frank Article to the forefront of search engine rankings. By way of further response, Plaintiff's allegations that the Frank Article was republished are irrelevant because any delay Plaintiff is experiencing is the result of his own litigation strategy and does not warrant the expedited decision of his motion to remand.

11. Denied. The Overlawyered Defendants deny that the Frank Article was ever republished and therefore it was not possible for such alleged republication to be

"concealed" from Plaintiff. The Overlawyered Defendants further deny that this Court's dismissal of Plaintiff's defamation claims based upon the Frank Article was wrongful. By way of further response, Plaintiff's allegations that the Frank Article was republished and that this Court wrongfully dismissed Plaintiff's claims based upon the Frank Article are irrelevant to the instant motion because any delay Plaintiff is experiencing is the result of his own litigation strategy and does not warrant the expedited decision of his motion to remand.

12. Denied. The Overlawyered Defendants deny that the Frank Article was ever republished and therefore it was not possible for such alleged republication to be "concealed" from Plaintiff. The Overlawyered Defendants further deny that this Court's dismissal of Plaintiff's defamation claims based upon the Frank Article was wrongful. By way of further response, Plaintiff's allegations that the Frank Article was republished and that this Court wrongfully dismissed Plaintiff's claims based upon the Frank Article are irrelevant to the instant motion because any delay Plaintiff is experiencing is the result of his own litigation strategy and does not warrant the expedited decision of his motion to remand.

13. Denied. The Overlawyered Defendants are not responsible for any posts made during the pendency of Plaintiff's Motion for Remand, but nevertheless deny that any such posts are defamatory.

14. Denied. The Overlawyered Defendants are not responsible for any posts made during the pendency of Plaintiff's Motion for Remand, but nevertheless deny that any such posts are defamatory.

15. Denied. The Overlawyered Defendants are not responsible for any posts made during the pendency of Plaintiff's Motion for Remand, but nevertheless deny that any such posts are defamatory.

16. Denied. The Overlawyered Defendants are not responsible for any posts made during the pendency of Plaintiff's Motion for Remand, but nevertheless deny that any such posts are defamatory. The Overlawyered Defendants further deny that the Frank Article was ever republished and that this Court's dismissal of Plaintiff's defamation claims based upon the Frank Article was in any way wrongfully or fraudulently obtained in any way. By way of further response, Plaintiff's allegations that the Frank Article was republished and that this Court wrongfully dismissed Plaintiff's claims based upon the Frank Article are irrelevant to the instant motion because any delay Plaintiff is experiencing is the result of his own litigation strategy and does not warrant the expedited decision of his motion to remand.

17. Denied. The Overlawyered Defendants deny that Defendants' removal of this case to federal court was improper or that it deprived plaintiff access to emergency relief. To the contrary, Plaintiff could have, and should have, requested that this Court decide his request for emergent injunctive relief. It was Plaintiff's decision to put his choice of forum before his alleged need for emergent injunctive relief and any delay in the decision of Plaintiff's request for injunctive relief is as a result of Plaintiff's own actions. Therefore, Plaintiff is not entitled to an expedited decision on his motion to remand.

18. Denied. The Overlawyered Defendants are not responsible for any posts made during the pendency of Plaintiff's Motion for Remand, but nevertheless deny that any such posts are defamatory.

7251671v.2

19. Denied. The Overlawyered Defendants are not responsible for any posts made during the pendency of Plaintiff's Motion for Remand, but nevertheless deny that any such posts are defamatory. By way of further response, Plaintiff could have, and should have, requested that this Court decide his request for emergent injunctive relief. It was Plaintiff's decision to put his choice of forum before his alleged need for emergent injunctive relief and any delay in the decision of Plaintiff's request for injunctive relief is as a result of Plaintiff's own actions. Therefore, Plaintiff is not entitled to an expedited decision on his motion to remand.

20. Admitted.

21. Admitted in part; denied in part. The Overlawyered Defendants admit only that this Court has not issued any decisions in this case since Plaintiff filed his Motion for Remand. The Overlawyered Defendants lack sufficient information to admit or deny the remaining averments in paragraph No. 21 and therefore deny same.

22. Denied. The Overlawyered Defendants are not responsible for any posts made during the pendency of Plaintiff's Motion for Remand, but nevertheless deny that any such posts are defamatory. By way of further response, Plaintiff could have, and should have, requested that this Court decide his request for emergent injunctive relief. It was Plaintiff's decision to put his choice of forum before his alleged need for emergent injunctive relief and any delay in the decision of Plaintiff's request for injunctive relief is as a result of Plaintiff's own actions. Therefore, Plaintiff is not entitled to an expedited decision on his motion to remand.

**WHEREFORE**, Defendants Walter K. Olson, Theodore H. Frank, the Overlawyered Group and Overlawyered.com, by and through their undersigned counsel, respectfully request

7251671v.2

that this Court deny Plaintiff Arthur Alan Wolk's Motion for Expedited Oral Argument and Decision on Pending Motion For Remand.

        Respectfully submitted,

        **WHITE AND WILLIAMS LLP**

        By: /s/ Michael N. Onufrak
            Michael N. Onufrak, Esquire
            Siobhan K. Cole, Esquire
            1650 Market Street
            One Liberty Place, Suite 1800
            Philadelphia, PA 19103

            Attorneys for Defendants Walter K. Olson, Theodore H. Frank, the Overlawyered Group and Overlawyered.com

Dated: February 17, 2011

7251671v.2

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR ALAN WOLK, ESQUIRE <br><br> Plaintiff, <br><br> v. <br><br> OVERLAWYERED.COM, et al. <br><br> Defendants. | : <br> : <br> : <br> : CIVIL ACTION NO. 2:10-05856 <br> : <br> : <br> : <br> : <br> : <br> : |

**OVERLAWYERED DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED ORAL ARGUMENT AND DECISION ON PENDING MOTION FOR REMAND**

Plaintiff Arthur Alan Wolk's ("Wolk") Motion for Expedited Argument and Decision (the "Motion to Expedite") is procedurally lacking and without legal or factual support. Pursuant to Local Rule of Civil Procedure 7.1(c) "a brief containing a concise statement of the legal contentions and authorities relied upon" was required in support of Wolk's Motion to Expedite, but no such brief was filed by Wolk. Furthermore, Wolk's primary argument in support of his Motion to Expedite, that the pendency of his Motion to Remand is unfairly preventing him from obtaining preliminary injunctive relief, does not support the emergency relief he seeks because it was Wolk's own litigation strategy that caused any delay in his ability to have his petition for injunctive relief heard.

Wolk's Motion to Expedite states that "[w]ithout the immediate ability to seek preliminary injunctive relief, Plaintiff will effectively be deprived of *any* access to the Courts for the immediate relief he so urgently deserves, and Plaintiff is unable to seek such preliminary relief in the current procedural posture." Motion to Expedite ¶ 2 (emphasis in original). The fact

7251671v.2

that Wolk's ability to pursue injunctive relief is currently delayed was not brought about by the defendants in this case or the Court. To the contrary, Plaintiff could have, and should have, dropped Thomas Beach from this case and asked this Court decide his request for emergent injunctive relief. It was Plaintiff's decision to file a motion to remand his case to the Philadelphia Court of Common Pleas rather than pursuing his claims for injunctive relief in federal court. Therefore any delay in the decision of Plaintiff's request for injunctive relief is as a result of Plaintiff's own actions and does not entitle him to an expedited decision from this Court.

For all of the foregoing reasons, the Overlawyered Defendants oppose Wolk's Motion to Expedite and respectfully request that this Court deny the same and decide the pending Motion to Remand in due course.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: /s/ Michael N. Onufrak
    Michael N. Onufrak, Esquire
    Siobhan K. Cole, Esquire
    1650 Market Street
    One Liberty Place, Suite 1800
    Philadelphia, PA 19103

    Attorneys for Defendants Walter K. Olson, Theodore H. Frank, the Overlawyered Group and Overlawyered.com

Dated: February 17, 2011

7251671v.2

## CERTIFICATE OF SERVICE

I, Michael N. Onufrak, Esquire, hereby certify that I have electronically served a true and correct copy of the foregoing Response in Opposition to Plaintiff's Motion for Expedited Oral Argument and Decision on Pending Motion for Remand on counsel listed below on February 17, 2011:

>George Bochetto, Esquire
>David P. Heim, Esquire
>Bochetto & Lentz, P.C.
>1524 Locust Street
>Philadelphia, PA  19102
>
>Bradley J. Stoll, Esquire
>The Wolk Law Firm
>1710-12 Locust Street
>Philadelphia, PA  19103

>BY: s/Michael N. Onufrak
>Michael N. Onufrak

Dated:  February 17, 2011

7251671v.2