IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR ALAN WOLK, | Civil Action |
| | No. 2:10-cv-05856-MAM |
| Plaintiff, | |
| v. | |
| OVERLAWYERED.COM, et al. | |
| Defendants. | |

**RESPONSE OF REASON DEFENDANTS
TO PLAINTIFF'S MOTION TO EXPEDITE**

Defendants Reason.com, *Reason* Magazine, Reason Foundation, David Nott, Thomas E. Beach, Jacob Sullum, Nick Gillespie and Matthew Welch (collectively the "Reason Defendants") hereby respond to the Motion for Expedited Oral Argument and Decision on Pending Motion to Remand filed by plaintiff Arthur Alan Wolk.

At the outset, the Reason Defendants note that, even *before* they were sued by Mr. Wolk, they had already taken a number of steps to meet Mr. Wolk's concerns:

- They clarified the original post following Mr. Wolk's initial contact with them.

  The clarification includes the following:

  [Mr. Wolk] reasonably complains that I did not include his response to the Overlawyered post that was the subject of one of his defamation suits. He says he avoided any conflict of interest in Taylor v. Teledyne by not participating in the settlement negotiations and by not asking the judge to vacate a discovery order that criticized him until after an agreement had been reached. He cites letters from two other plaintiffs' attorneys who were involved in the case, who confirm this account. Wolk also says the judge's criticism was unfair, in part because other lawyers at his firm handled discovery in that case.

- They removed the third party comments that Mr. Wolk found offensive.

- They publicly appealed to commenters to stop adding new comments about Mr. Wolk. And

- They removed the offending third party comments from Google's search index.

Although they took these measures almost immediately upon Mr. Wolk's request, the Reason Defendants were sued, and plaintiff's filings, such as the one at issue here, continue to attack them viciously, without cause.

The Reason Defendants assume the Court will rule as expeditiously as possible on the Motion to Remand and therefore see no need to impose on the Court with this additional motion. Because they view Plaintiff's motion as unnecessary, the Reason Defendants have supplied the Court with a proposed order denying the motion. In response to Plaintiff's particular assertions within the motion, the Reason Defendants respond as follows:

1. The Reason Defendants deny that they have engaged in any "dastardly abuses" and see no reason to force the Court to abandon its schedule to respond immediately to plaintiff's hyperbolic expressions of concern and false statements of purported facts.

2. The Reason Defendants deny that Plaintiff was unable to seek preliminary injunctive relief.

3. The Reason Defendants admit that Plaintiff filed his complaint in state court on October 25, 2010. They deny that he filed "an *emergent* Petition for Preliminary Injunction." (Emphasis in original). Although Plaintiff filed a motion for preliminary injunction, he did not attempt to schedule it on an emergency basis.

4. The Reason Defendants deny that the postings of which Plaintiff complains have the meaning he ascribes to them.

5.     The Reason Defendants do not have knowledge or information sufficient to form a belief as to Plaintiff's reasons for filing suit but deny that the postings of which he complains could have had the "devastating effects" that he describes.

6.     The Reason Defendants admit that they removed the case. They deny, however, that Reason's Trustee, Thomas Beach, was properly joined. As explained in detail in the Reason Defendants' Opposition to Plaintiff's Motion to Remand, Mr. Beach's joinder was fraudulent and intended to defeat diversity and the jurisdiction of this Court, as Plaintiff explicitly stated.

7.     The Reason Defendants deny that the removal was improper. In addition to fraudulent joinder as a basis for removal, Mr. Beach is domiciled in Florida. Thus, Plaintiff and Defendants are completely diverse in this case.

8.     Admitted.

9.     The Reason Defendants deny that they have any false or defamatory postings regarding Plaintiff. They further deny that any posting on their site, now or in the past, has had the effect of "destroy[ing] Plaintiff's reputation, causing immeasurable – indeed irreparable – harm.

10.    Paragraph 10 of the Motion does not allege facts concerning the Reason Defendants.

11.    Paragraph 11 of the Motion does not allege facts concerning the Reason Defendants.

12.    Paragraph 12 of the Motion does not allege facts concerning the Reason Defendants.

13. The Reason Defendants deny that they have posted any "false and defamatory internet blogs" and deny that they "have repeated the statements accusing Plaintiff of the same heinous crimes that are the subject of this equity action."

14. The Reason Defendants deny that "horrible accusations [about Plaintiff] originally appear[ed] on www.Reason.com." Taken in their proper context, those anonymous posts do not have the meaning Plaintiff ascribes to them. The remainder of Paragraph 14 of the Motion does not allege facts concerning the Reason Defendants.

15. Paragraph 15 of the Motion does not allege facts concerning the Reason Defendants.[1]

16. Paragraph 16 of the Motion does not allege facts concerning the Reason Defendants.

17. The Reason Defendants deny that the equity action brought by Plaintiff has been placed "in limbo" and deny that they have engaged in any "abhorrent and reckless conduct."

18. The Reason Defendants deny that "Plaintiff continues to be savaged with outrageous defamations over the internet and [that] the original defamatory postings remain." By way of further answer, the Reason Defendants note that the publications described in this paragraph stemmed from Plaintiff's own filing in the Third Circuit.

19. The Reason Defendants deny that plaintiff is "under attack" or the subject of "nonstop malicious internet defamation."

---

[1] In Footnote 1, Plaintiff claims to "live[] in constant fear" of the propagation of Internet postings and therefore will only submit the postings he is referring to *in camera*. The Reason Defendants are without sufficient knowledge and information to form a conclusion about the veracity of this statement. They note, however, that Plaintiff's counsel agreed in the conference with the Court on December 7, 2010 to provide the Defendants with the postings Plaintiff filed under seal as exhibits to his complaint, but he has failed to do so, despite repeated requests.

20. The Reason Defendants deny that Plaintiff sought "***emergent*** relief" from the state court.  (Emphasis in original)

21. The Reason Defendants deny that this case is in "limbo" and that "no judicial action has been taken."  By way of further answer, Plaintiff is not entitled to equitable relief on his claim under the rule of *Kramer v. Thompson*, 947 F.2d 666 (3rd Cir. 1991).

22. The Reason Defendants deny that any of their publications "is having devastating effects on Plaintiff" or that he has "endure[d]" "immeasurable harm.

Dated:  February 18, 2011                          Respectfully submitted,

                                                                     LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

                                                                     By:     */s/ Gayle C. Sproul*

                                                                         Gayle C. Sproul
                                                                         gsproul@lskslaw.com
                                                                         2112 Walnut Street, Third Floor
                                                                         Philadelphia, PA 19103
                                                                         Tel:  (215) 988-9773
                                                                         Fax:  (215) 988-9750

                                                                         *Attorneys for the Reason Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR ALAN WOLK, ESQUIRE  :  :<br>        Plaintiff,           :  :<br>   v.                               :  :<br>OVERLAWYERED.COM, et al. :  :<br>        Defendants.        : | CIVIL ACTION NO. 2:10-05856 |

**ORDER**

AND NOW, this _____ day of _____, 2010, upon consideration of Plaintiff Arthur Alan Wolk's Motion to Expedite, it is hereby **ORDERED** that the motion is **DENIED**.

BY THE COURT:

_____
McLaughlin, J.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Response to Plaintiff's Motion to Expedite to be served on all counsel of record via the Court's electronic filing system.

Dated:  February 18, 2011

                            LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

                          By:   */s/ Gayle C. Sproul*
                                  Gayle C. Sproul